FILED

03 NOV 21 AM 10: 23

U.S. DISTRICT COURT
N.D. OF ALABAMA

United States District Court
Northern District of Alabama
Southern Division

| | | |
|---|---|---|
| Peggy Horn, | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-01-N-2614-S |
| | ] | |
| Jefferson County Commission, | ] | |
| | ] | |
| Defendant(s). | ] | |
| | ] | |

ENTERED

NOV 21 2003

Memorandum of Opinion

I. Introduction.

Presently before the court is a Motion for Reconsideration filed by the defendant the Jefferson County Commission ("the County") on June 5, 2003, [Doc. # 69], and Plaintiff's Response and Motion to Strike. [Doc. # 79]. The County asserts that the court incorrectly denied that part of its motion for summary judgment dealing with Plaintiff's retaliation claim. Plaintiff claims the County retaliated against her because she exercised rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 - 2654. The issues raised in the Motion for Reconsideration as well as the Response



84

have been fully briefed by both parties and are now ripe for decision. Upon due consideration, the court is of the opinion that the Motion for Reconsideration is due to be granted and the Motion to Strike is due to be denied.

II. Discussion.

The court entered summary judgment in favor of the County on all the plaintiff's claims except for her FMLA retaliation claim. The County maintains that the court should have also granted summary judgment as to the plaintiff's retaliation claim due to her failure to meet the *McDonnell Douglas* burden shifting requirements. Plaintiff argues that she presented direct evidence of discrimination and therefore was not required to satisfy the *McDonnell Douglas* analysis.

Plaintiff points to portions of the deposition testimony of Roy Burnett which she contends constitute direct evidence of impermissible retaliation.[1] Mr. Burnett testified as follows:

Q. (MS. LEONARD:) Would it be fair to say that

---

[1]Roy Burnett is employed as the Jefferson County Risk Manager. The Occupational Health Coordinator reports to the Jefferson County Risk Manager. (*See* Burnett Aff. Ex. A, Doc. # 47).

> you did not give Ms. Horn the provisional appointment because of her attendance?
>
> A. Yeah. Primarily, yes.

Burnett Dep. at 26, lines 11-15.

> Q. (MS. LEONARD:) In considering Ms. Horn's attendance - so now you're saying that - in considering Ms. Horn's attendance, did you consider sick leave that she had taken?
>
> A. I feel - yes, sick leave. It's paid sick leave that I was concerned about.

Burnett Dep. at 28, lines 6 - 13.

Direct evidence is "evidence, which if believed, proves existence of fact in issue without inference or presumption." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n.6 (11th Cir. 1987) (citations, emphasis and brackets omitted). "Evidence that only suggests discrimination . . . or that is subject to more than one interpretation . . . does not constitute direct evidence." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) (citations omitted).

Defendant directs the court's attention to the affidavit of Roy Burnett originally offered in support of its Motion for Summary Judgment as clarification of the deposition testimony of Burnett. In the affidavit, Mr.

Burnett states in part the following:

> I did not consider any of these leaves of absence without pay in my decision to select Leigh Anne Salmon for the provisional or permanent appointment to the position Occupational Health Coordinator. Nor did I consider that portion of her paid leave usage which I knew to be legitimate (i.e. such as child birth, real illness, etc.).

Burnett Aff. Ex. A (Doc. # 47).

Plaintiff moves to strike the affidavit arguing that the affidavit is inconsistent with his prior testimony. Plaintiff asserts that the affidavit ". . . deal[s] with several other issues besides Ms. Horn's alleged attendance problems, including her performance at the interview and her supposed lack of supervisory experience." Plaintiff's brief. [Doc. # 79]. The court does not find the affidavit inconsistent with Burnett's prior testimony. Burnett stated that he considered Horn's attendance and specifically that he was concerned with her "paid sick leave." Burnett went on in response to questions posed by the plaintiff in his deposition to assert that another reason the plaintiff failed to get the promotion was " . . . she didn't have supervisory skills that I thought she ought to have." Burnett Dep. at 26, lines 16 - 21. In addition, Defendant's Answers to Plaintiff's Interrogatories,

served on Plaintiff's counsel prior to Burnett's deposition, include the same information set forth in Burnett's affidavit.

As the court explained in its prior opinion, Plaintiff's maternity leave is the only leave that could be the subject of this claim. Plaintiff couched her questions and was free to inquire of Burnett whether he considered the maternity leave in making his decision about the promotion. Plaintiff instead asked general questions about "sick leave" and then accepted Burnett's answers without an attempt to clarify a general answer about "sick leave."

The court notes that Plaintiff failed to object to or move to strike the affidavit of Mr. Burnett until after Defendant filed its Motion to Reconsider pointing out an item of evidence that it contended the court missed. The motion is untimely. For all the reasons stated in this opinion, the Motion to Strike is due to be denied.

When the deposition testimony is considered along with the affidavit of Mr. Burnett, it is clear that there is no direct evidence of retaliation or discrimination. Because the plaintiff has presented no direct evidence, her claims must be analyzed using the familiar *McDonnell Douglas* burden

shifting framework. The plaintiff has the burden of first establishing a prima facie case. "To establish a prima facie case of retaliation, a plaintiff must show that [s]he engaged in statutorily protected conduct, [s]he suffered adverse action, and there is a causal connection between the protected conduct and the adverse action." *Smith v. BellSouth Telecommunications, Inc.*, 273 F.3d 1303, 1314 (11th Cir. 2001). "If the plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a legitimate reason for the adverse action." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once the Defendant articulates one or more legitimate reasons for the adverse action, the plaintiff must show that each of the proffered reasons are mere pretext. *See id.*; *see also Combs v. Plantation Patterns*, 106 F.3d 1519 (11th Cir. 1997).

The plaintiff met her initial burden of establishing a prima facie case and the County has articulated various reasons for failing to promote Ms. Horn, all of which were set forth in the court's original memorandum and will not be repeated. Therefore, Plaintiff must prove that the articulated reasons are mere pretext. Plaintiff has failed to produce evidence from which a reasonable factfinder could find that the County's proffered reasons

for failing to promote her are mere pretext. Summary judgment as to this claim is due to be granted.

## III. Conclusion.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 20th of November, 2003.

L. Scott Coogler
United States District Judge